The opinion of the Court was delivered by
Ward law, Ch.
The single question on this appeal relates to the time to which words of survivorship should be referred. *392 The testator says: “ Should my mill plantation and that tract of land on Black River, bought of William Lloyd, be not sold by myself, then I wisli my executors to dispose of them to the best advantage, and when in funds for the same, I wish for them to divide the money among the whole of my surviving children, share and share alike, to them and their lawful heirs forever.” Some of the children of testator who survived him, died before the executors sold the lands and collected the proceeds, (the latter particular is not yet completed,) and the controversy is whether their representatives be entitled to take shares of the proceeds of sale.
The first ground of appeal asserts that at the hearing the counsel of the other party yielded the point. This is not admitted before us, and no agreement in writing is produced. If it were, surely a Chancellor is not bound to misdecide a question of law, such as the construction of a will, on any consent of counsel.
The second ground of appeal, however, squarely presents the point of construction. It is probably superfluous in respect to any difficulty in the question — it is certainly impracticable in the demands on my time, to discuss this matter elaborately. Some plain propositions seem sufficient for the judgment.
In general, words of survivorship are significant of the death of testator, but when a future period of distribution is fixed by a will, such as the termination of a life estate, or when a legatee shall attain twenty-one years, then for Ihe benefit of the legatees and in increase of the objects of bounty, the terms are referred to the period of distribution. When the enjoyment of the estate by those ultimately entitled, is absolutely postponed to a future day by a supervening estate, it is natural and just to make the chances pf survivorship applicable to such future day.'' But in this case no estate whatever is given to the executors, and a mere power or trust is conferred on them to sell, in the event the testator did not sell, as expressly he contemplated. On the death of testator, *393 the land descended to his heirs or devisees, and it would really enable the executors to make his will by their caprice as to the time of sale, to hold that all 'his childz’en, living at his death, were not entitled to shares of the proceeds of sale.
It is ordered and decreed that the second ground of appeal be sustained and that the Circuit decree be modified accordingly.
Johnston and Wakdlaw, C. C. concurred.
Decree modified.